NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3478

CHARLESWORTH NICHOLAS

v.

GRAPETREE SHORES INC,
D/B/A
Divi Carina Bay Resort;
PATRICK HENRY,

Appellants

Appeal from the District Court for the Virgin Islands,
Division of St. Croix
(Civ. No. 1-05-cv-00119)
District Judge: Hon. Raymond L. Finch

Submitted pursuant to Third Circuit LAR 34.1(a)
December 1, 2009

Before: McKEE, *Chief Circuit Judge*, FUENTES, *Circuit Judge*,
and NYGAARD, *Senior Circuit Judge*.

(Opinion filed:   August 4, 2010)

OPINION

McKEE, *Chief Circuit Judge*.

Grapetree Shores, Inc., d/b/a/ Divi Carina Bay Resort (hereinafter "Grapetree")

and Patrick Henry, a Grapetree employee, appeal from an order of the district court

denying their motion to stay litigation filed against them by Charlesworth Nicholas, a

1

former Grapetree employee, pending arbitration. For the reasons that follow, we will affirm the district court.

Because we write primarily for the parties, we will recite only as much of the facts as is necessary for the disposition of this appeal. On or about October 29, 1999, Nicholas entered into an Hourly Employment Agreement with Grapetree. Under the terms of the Agreement, Nicholas agreed to arbitrate "[a]ny controversy or claim arising out of or relating in any way to this Agreement, to the breach of this Agreement, and/or to Employee's employment with Employer, or to the suspension or termination of Employee's employment with Employer." Hourly Employee Agreement, ¶ 16. Nicholas also agreed that "claims or matters arising out of or relating in any way to . . . Employee's dealings with Employer . . . shall be considered arbitrable." *Id.*, ¶ 17.

Nicholas was suspended on July 27, 2003, and ultimately terminated by Grapetree, as a result of his union organizing activity at Grapetree on behalf of the Virgin Islands Workers Union ("VIWU"), AFL-CIO, Local 611. In response, Nicholas filed an Unfair Labor Practice Charge with the National Labor Relations Board with regard to his suspension. On December 12, 2003, Nicholas and Grapetree entered into a Settlement Agreement and General Release which provided, in relevant part, that Grapetree agreed "that it will treat Nicholas's separation from employment as a voluntary resignation and shall remove the documentation concerning the termination from his personnel file."

After leaving his employment at Grapetree, Nicholas became the acting President

2

of the VIWU and sought to unionize Grapetree's employees. In June 2004, he filed a petition with the National Labor Relations Board, requesting a new election of union officers for Grapetree employees.

In response to Nicholas' organizing efforts, Grapetree held a meeting of its employees on June 22, 2005. Nicholas alleges that at that meeting, Patrick Henry, a Grapetree employee, made false statements about him that amounted to defamation and slander, including, but not limited to, a statement that Nicholas had been terminated by Grapetree for misconduct.

Nicholas then filed an action against Grapetree and Henry alleging defamation, breach of the Settlement Agreement, and intentional and negligent infliction of emotional distress.[1] In time, Grapetree and Henry filed a motion to stay the litigation, contending that Nicholas's claims are governed by the arbitration provisions in the Hourly Employee Agreement. On July 245, 2008, the district court denied the motion to stay, holding that Nicholas' claims "do not arise out of or relate to the Hourly Employee Agreement." App. 4. We agree with the district court. As it explained:

> Although the defamation claims concern statements that were allegedly made about the reasons that Nicholas is no longer employed by [Grapetree], they do not arise out of or relate to his suspension or termination from [Grapetree]. In this action, Nicholas does not complain about the manner in which his employment ended with [Grapetree]. His accusations concern

---

[1]Nicholas filed suit in the Superior Court of the Virgin Islands. Grapetree and Henry removed the action to the district court pursuant to Section 301 of Labor Management Relations Act.

3

only what [Grapetree] and Henry said about him to others, years after the ending of his employment.  The claims do not involve "Employee's dealings with Employer," because his dealings with [Grapetree] with respect to his post-employment organizing efforts are not the dealings of an "Employee" with his "Employer."  Rather, they are the dealings of a union organizer with a company and its management.

App. 4-5.  For these reasons, we will affirm the district court.

FUENTES, Circuit Judge, dissenting.

I respectfully dissent because, in my view, Nicholas's tort claims fall squarely within the broad scope of the Employment Agreement's arbitration clause. That clause states that "[a]ny controversy or claim" that arises out of or relates "in any fashion to . . . the suspension or termination of Employee's employment" is subject to arbitration. (App. at 28.) The Agreement makes clear that claims for "defamation, infliction of emotional distress, and all other matters sounding in tort" that relate to the employment relationship or its termination are arbitrable. (Id. at 29.) Nicholas's contention that he was defamed by the statement of Patrick Henry, Grapetree's general manager, that Nicholas was terminated for misconduct certainly relates to the termination of his employment. The fact that Nicholas was no longer a Grapetree employee when the allegedly defamatory statement was made is beside the point—the Agreement expressly applies not only to claims addressing "Employee's dealings with Employer," but also to tort claims like Nicholas's that relate in any way to the "termination of Employee's employment." (Id. at 28.) We have held that "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute," a motion to compel arbitration should be granted. Medtronic AVE, Inc. v. Advanced Cardiovascular Systems, Inc., 247 F.3d 44, 55 (3d Cir. 2001). Such assurance is lacking in this case, and I would therefore vacate and remand for further proceedings.

-1-